## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| DEHAVEN O'NEAL, | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| | : | |
| v. | : | No. 14-3722 |
| | : | |
| JAMISON ROGERS, et al., | : | |
| **Defendants.** | : | |
| | : | |

## M E M O R A N D U M

**Stengel, J.**                                                    **August 27, 2015**

This § 1983 action alleges civil rights violations related to an arrest involving several police officers. The plaintiff claims that the officers are liable for either using excessive force and/or failing to intervene. Defendant Edward Murphy moves to dismiss. For the reasons stated below, I will deny his motion.

### I.     **Background**[1]

On June 16, 2012, Plaintiff Dehaven O'Neal was visiting the gravesite of a recently deceased friend when he was approached by Officer Rogers of the Chester City Police Department.  He "attempted to flee and a car chase ensued." During the course of the car chase, the plaintiff crashed his vehicle and fled on foot. The police pursued him on foot.

Allegedly, Officer John a-Stiles of the Upland Police Department approached the plaintiff with a Taser drawn. Seeing this, the plaintiff allegedly "stretched out his arms

---

[1] Information contained in this section is taken from the complaint, unless otherwise noted. See Compl., Doc. No. 1.

and laid on the ground [on his stomach] with his hands out to the side and surrendered." Several officers then approached the plaintiff with guns drawn, cursed at him, and made threats of physical harm. Allegedly, one officer jumped on the plaintiff's back and tased the plaintiff profusely in his neck. The plaintiff allegedly screamed, "You got me, You got me," "Stop, Stop," and "Help!" Allegedly the officers continued to punch and kick the plaintiff even after he was handcuffed.

According to the complaint, the plaintiff became unconscious, vomited, and was bleeding from his face and head. The plaintiff was taken to Crozer Hospital where he was X-rayed. An abnormality was found in his brain. He was transported to the Hospital of the University of Pennsylvania the next day. Another X-ray and MRI showed that there was an anomaly in his brain the size of a tangerine behind his eye.

The plaintiff filed this complaint *pro se* on June 13, 2014. The plaintiff claims that he continues to suffer from double vision and headaches. He claims the officers' excessive use of force caused his injuries. The plaintiff brings claims against Officer Jamison Rogers of the Chester City Police Department, Constable Edward Murphy of Delaware County, Officer John Doe One of the City of Chester Police, and Officer John-a-Stiles of the Upland Police Department. He claims that the officers were either directly involved in his arrest or were in the area when he was being beaten but failed to stop the use of excessive force. The plaintiff asserts a failure to protect claim, bystander liability

claim, and excessive force claim. Defendant Murphy moved to dismiss under Rule 12(b)(6).[2]

## II.     Legal Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint.[3] Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion to dismiss, a federal court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claims. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id. The "complaint must allege facts suggestive of [the proscribed] conduct." Twombly, 550 U.S. at 564. Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Se. Pa.

---

[2] The plaintiff did not file a response to this motion. He later alerted the court to the fact that he did not receive the motion. I ordered the defendant to re-serve the motion and gave the plaintiff additional time to file a response. He did not respond.

[3] In deciding a motion to dismiss, the court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). The court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. Id.

Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

A court "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Brown v. Card Serv. Ctr., 464 F.3d 450, 456 (3d Cir. 2006)(quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). In resolving motions pursuant to Rule 12(b)(6), courts must liberally construe pro se pleadings. See, e.g., Haines v. Kerner, 404 U.S. 519, 520–521 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir.1992).

## III. Discussion

The defendant argues that he could not possibly have been liable for the claims asserted against him because he himself was a victim of the plaintiff's misconduct. He offers three documents to support his argument: 1) the police incident report, 2) the plaintiff's application to proceed in forma pauperis in this case, and 3) the state court docket regarding the plaintiff's arrest. See Doc. No. 9, Ex. B, C, D. The defendant asks me to take judicial notice of these documents.

A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." FED. R. EVID. 201(c). Judicial notice can be taken at any stage of a case. FED. R. EVID. 201(d). Matters of public record or facts that can be accurately and readily determined to be accurate may be judicially noticed. See FED. R. EVID. 201(b); City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir.

1998); <u>Oran v. Stafford</u>, 226 F.3d 275, 289 (3d Cir. 2000). "[A] court may consider an

undisputedly authentic document that a defendant attaches as an exhibit to a motion to

dismiss if the plaintiff's claims are based on the document." <u>Pension Ben. Guar. Corp. v.</u>

<u>White Consol. Industries, Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993). Matters of public

records may be judicially noticed. <u>See</u> <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38

F.3d 1380, 1384 n.2 (3d Cir. 1994). Since all three documents are matters of public

record, I will take judicial notice of them.[4]

According to the police incident report, prepared by Officer Rogers, the plaintiff's

vehicle hit the unmarked Constable vehicle that Constable Murphy was driving.

Constable Murphy, however, was not a part of the police chase of the plaintiff. He just

happened to be in the same area as the chase.[5] Constable Murphy was reported as being

taken to the hospital "for an evaluation of possible injuries." His injuries were listed a

"non-capacitating."  Four other civilians were listed as victims from the police pursuit

and were taken to the hospital for "non-incapacitating injuries." Mr. O'Neal was also

taken to the hospital for "apparent minor injuries;" he was the only person listed as

having been injured during the incident. According to the report, these "possible injuries"

were the result of the vehicle pursuit.

---

[4] <u>See</u> <u>Lawson v. City of Coasteville</u>, No. 12–6100, 2013 WL 4596129, at *3 (E.D. Pa. Aug. 29, 2013)("Information contained in police incident reports are considered matters of public record.")(citing Gallis v. Borough of Dickson City, 3:05 CV 551, 2006 WL 2850633, at *7 (M.D. Pa. Oct.3, 2006)); <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir.1997)("As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered ....")(emphasis omitted)(citations omitted)(internal quotation marks omitted).

[5] From the report, it appears that he was on duty, being listed in the "victims" section as "law enforcement in the line of duty."

The report offers a similar rendering of events to those in the complaint—a police pursuit by car, followed by a foot pursuit. The report offers little details about the actual arrest of the plaintiff and simply states: "I gave chase after the actor on foot into the front yard of [a residence] where he was taken into custody by myself along with assisting officers." From what the report outlines, it appears that the chase took place within a 4 to 5 block radius in the City of Chester.

The criminal docket from the Court of Common Pleas of Delaware County shows that the plaintiff was charged with reckless endangerment of another person, fleeing or attempting to elude officer, and driving with a suspended license. He pled guilty to these charges and was ordered to pay $650 in restitution to Defendant Murphy.[6] All other charges were dropped. The plaintiff's IFP petition, filed in this court on July 21, 2014, indicates that he is owes restitution to Defendant Murphy. See Doc. No. 3.

The defendant provides all this information to show that he "was a victim of the plaintiff's criminal conduct" and "was not involved in the apprehension of plaintiff." Defendant's Motion to Dismiss, Doc. No. 9 at 1. The defendant claims that the plaintiff named Defendant Murphy because he was either confused by the police reports or wants to get back at the defendant. Either way, the defendant argues that the plaintiff erroneously sued him.

Dismissal is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Brown v. Card Serv. Ctr., 464 F.3d 450, 456 (3d Cir. 2006)(quoting Hishon v. King & Spalding, 467 U.S. 69,

---

[6] He was also ordered to pay restitution to two other victims, totaling over $3000 in additional monies owed.

6

73 (1984)). At this stage of litigation, I am required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). I also must liberally construe the complaint because the plaintiff is *pro se* and not trained in the law. See Haines v. Kerner, 404 U.S. 519, 520–521 (1972).

Reviewing both the facts provides in the complaint and those offered in the judicially noticed documents under these standards, I cannot say that they provide no basis for relief. While Defendant Murphy has provided evidence that he was a victim of a vehicular crash involving the plaintiff, he has not shown that he was not involved in the plaintiff's arrest. As the report states, several officers were involved in this arrest. The report does not identify these officers. Defendant Murphy was in the vicinity of the arrest.

The plaintiff claims that he was on his stomach when the arresting officers began to tase and beat him. At one point, he was allegedly unconscious. Viewing these facts in the light most favorable to the plaintiff, it is likely that he did not know which officers were involved in his arrest. The plaintiff brings both claims of excessive force and failure to protect against Defendant Murphy. It is plausible that Defendant Murphy could be liable for one or both of those claims. The fact that he was a victim with "non-capacitating injuries" who was owed restitution does not establish that he was not involved in the arrest of the plaintiff nor failed to prevent excessive force to be used on the plaintiff during his arrest.

**IV.     Conclusion**

For the reasons states above, I will deny Defendant Murphy's motion to dismiss.

An appropriate Order follows.